## Case No. 9,668.

### MITCHELL v. PRATT.

#### [Taney, 448.] [1]

Circuit Court, D. Maryland. April Term, 1841.

ADMIRALTY—MARITIME TORT—ASSAULT AND BATTERY—ACQUITTANCE—REASONABLE SATISFACTION.

1. A paper, purporting to be a receipt by a seaman to the master of his vessel, for twenty-five cents, "for assault and battery, in full of all dues and demands," with a witness's name to it, and on which are two wafer seals (in the absence of proof that either of the seals is that of the person giving the receipt), cannot operate as a release, in the technical sense of that word, as known to the common law.

2. Such receipt may operate as an acquittance, given upon the compromise and settlement of an unliquidated and disputed claim for damages for the assault, if the settlement was fairly made, when the seaman was free from improper influence, and had an opportunity of exercising his free and deliberate judgment.

3. But in order to entitle it to support, it must appear to be a reasonable satisfaction, or, at least, the contrary must not appear.

[Appeal from the district court of the United States for the district of Maryland.]

TANEY, Circuit Justice. This is an appeal from the decree of the district court, dismissing a libel filed by the appellant to recover damages from the appellee for an assault and battery. The appellant shipped as

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

a seaman on board the schooner David Pratt, whereof Timothy Pratt was master, on the 9th of September 1840, at Portland, for a voyage to Turk's Island, and one more port in the West Indies, if required by the master, and back to the United States, and to Portland, if required by the master. It appears, that on the voyage to Turk's Island, the master, without any justifiable cause, struck the libellant a severe blow on the head, with an iron-bound water-bucket, which broke to pieces by the force of the blow, and afterwards beat him with a broom-stick, until he broke that also, and then with his fists. The schooner made the voyage to Turk's Island, and returned from thence to the port of Baltimore, where the libellant was discharged by the master, at his own request. At the time of his discharge, he received the balance due him for his wages, which were paid him in the cabin of the vessel, in the presence of the mate, and he signed the printed receipt endorsed on the shipping articles, which contains the usual release of all demands for assault and battery or imprisonment, and every other matter whatever.

It is stated by the mate, Barzillai Curtis, examined as a witness for the respondent, that after this receipt was signed, the master said to the libellant, that there was some little difficulty between them, and that he would give him twenty-five cents to settle it, which he took, and receipted the paper filed by the respondent, which he (the mate) witnessed. The receipt produced is in the following words:

"Baltimore, Oct. 27, 1840. Received of T. Pratt, twenty-five cents for assault and battery, in full for all dues and demands.

                    his
        "Peter   X   Mickell.   [Seal.]
                   mark
"Witness:—Barzillai Curtis.   [Seal.]"

This receipt, it appears by the testimony of the mate, was signed about ten minutes after the wages had been paid and the receipt given on the shipping articles; that there was nothing said particularly about the assault and battery, at the time; that the respondent said he would give him twenty-five cents to satisfy him, but that there was no compulsion, and that he need not sign the receipt and take the money unless he pleased. Another seaman, named Jesse White, is said to have been present at the settlement, but he has not been called as a witness by either party.

This is the case upon the evidence, and it is very clear, that an assault and battery was committed by the master upon the libellant, and that the blow inflicted and the weapon used were altogether unjustifiable. This, indeed, is not controverted in the argument; the defence relied upon, is the settlement and receipt above mentioned; and it is insisted upon the part of the respondent, that this settlement and receipt is a full answer to the libellant's demand.

It is evident, that the paper in question,

cannot operate as a release, in the technical sense of that word, as known to the common law; for, although there are two wafer seals upon the paper, there is no proof that either of them is the seal of the libellant, or that either of them was on the paper at the time it was executed. It must be remembered, that the proof offered, is by the subscribing witness, who was called by the respondent to prove the execution of the paper; he says, that the libellant "receipted the paper," and this is all the proof he gives of its execution; not a word is said in relation to the sealing of the instrument; nor anything said from which it can be inferred that it was sealed by the seaman. Moreover, it contains no words of release; nor any words that can be construed as such.

. The court, however, does not understand that the paper is relied on as a release, in the common law sense of the word, but as an acquittance given upon the compromise and settlement of an unliquidated and disputed claim for damages for the assault. And 1 do not doubt that, if this settlement was fairly made, when the seaman was free from improper influence, and had an opportunity of exercising his free and deliberate judgment, it ought to be supported; but in order to entitle it to support, it must (in the language of the court, in the case of Cumber v. Wane, 1 Strange, 426), "appear to be a reasonable satisfaction, or, at least, the contrary must not appear." And in this view of the matter, it is of no importance whether this paper be regarded as a release, or merely as a receipt, for it certainly cannot be supported, in either case, if it appears to have been obtained unfairly, or by improper influence.

It appears to the court, that there are insuperable objections to this paper, as a bar to the seaman's suit. In the first place, the amount stated to have been given in satisfaction, is obviously and grossly inadequate, and does not approach at all to a reasonable satisfaction; and in the second place, the paper was obtained under circumstances in which the sailor was evidently within the reach of undue influences, which he could hardly be expected to resist.

The sum given as an award and satisfaction, is merely a nominal one, and could have formed no real consideration in the mind of the parties; and upon principles of justice, this receipt has nothing more to recommend it, as a discharge to the respondent, than the usual printed receipt and release endorsed on the shipping articles. ; Yet, that acquittance, although it contains express words of release, is not held to be sufficient to discharge the master from damages for an assault and battery or imprisonment, without some further proof; because the relations which have been existing between the parties, the power of withholding the seaman's wages, and his inability, in general, to read and comprehend the legal effect of such instruments, give great advantages to the master over him, and bring just suspicion upon any contract of settlement and compromise between them, which, upon the face of it, shall show that the seaman was legally and equitably entitled to more than he received.

Now, the receipt in question is not only liable to the same objections with the printed acquittance above mentioned, but to a greater and more serious one. In ordinary cases, when the printed acquittance is signed, the voyage is ended, and the seaman entitled to his discharge, and he is, at least, free from the apprehension of personal ill-treatment by the master. It is true, that in this case, also, the libel states the voyage to be ended; but this is the error of the pleader; and according to the shipping articles, the seamen were not entitled to their wages here, if the master chose to require them to proceed from this place to Portland.

The case, then, upon the receipt relied on, is this. The libellant requests his discharge here, as proved by the mate (the master being at liberty to discharge him or not, as he pleases); the seaman is thereupon taken to the cabin and receives the balance of his wages, in the presence of the master and mate, to whose authority he has been accustomed to submit; and at the same interview, when he does not appear to have received any written or other discharge, which released him from the shipping articles, and when it was still in the master's power to compel him to continue with the vessel to Portland, he is desired to sign another paper, by which he relinquishes his claim for damages for a severe and unjustifiable battery, upon terms so utterly unjust to him, that it is impossible to believe that he could have assented to them, if he had felt himself entirely free, and understood the meaning of the paper. He was told, indeed, there was no compulsion, and that he need not sign the paper unless he pleased. But what would have been the consequences, if he had determined not to sign it? The seaman must have felt that his request to be discharged here, might, in that event, not be complied with, and that the master might compel him to perform the voyage to Portland. He was, at all events, in the power of the master in this respect, and he was not free and upon equal ground with him until he had received a legal and irrevocable discharge, and had left the vessel.

It does not appear that any discharge was given before the receipt was signed; he was on board the schooner and in the master's power, and the sum paid is so grossly inadequate, that the court is satisfied the acquittance must have been given under a sense of coercion, if the seaman understood its contents; and it cannot, under such circumstances, be supported as a bar to his claim.

The decree of the district court must, therefore, be reversed, and the court will award the libellant thirty dollars damages; but no costs in the circuit or district courts can be given, under the act of congress, as the dam-

ages recovered are under fifty dollars in this court.

See Harden v. Gordon [Case No. 6,047]; Thomas v. Lane [Id. 13,902]; Thompson v. Faussat [Id. 13,954]; Phillips v. The Scattergood [Id. 11,106.]